The CITY OF FORT WORTH, Sunbelt Industrial Development Corporation, Tarrant Appraisal District, June Garrison, Tax–Assessor Collector for Tarrant County, Texas, Fort Worth Independent School District, and Tarrant County, Appellants,

v.

PASTUSEK INDUSTRIES, INC., Appellee.

No. 2–00–175–CV.

Court of Appeals of Texas, Fort Worth.

May 17, 2001.

Cantey & Hanger, L.L.P., Estil Vance, Jr., Kevin C. Norton, Fort Worth, for City of Fort Worth and Sunbelt.

Catherine Jane Alder, P.C., Catherine Jane Alder, Fort Worth, for Tarrant Appraisal District.

Brackett & Ellis, P.C., Randy Agnew, Fort Worth, for Fort Worth ISD.

Tim Curry, Crim. Dist. Atty., Larry M. Thompson, Asst. D.A., Fort Worth, for Tarrant County.

Quilling, Selander, Cummiskey & Lownds, P.C., Kenneth A. Hill, Dallas, for Appellee.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

In this interlocutory appeal, Appellants the City of Fort Worth (the City), Sunbelt Industrial Development Corporation (SIDC), Tarrant Appraisal District (Appraisal District), June Garrison, Tax–Assessor Collector for Tarrant County, Texas,[1] Fort Worth Independent School District (FWISD), and Tarrant County appeal from the trial court's order denying their pleas to the jurisdiction alleging that: (1) Pastusek Industries, Inc. (Pastusek) failed to exhaust its mandatory and exclusive tax code remedies and procedures; and (2) they are entitled to sovereign immunity. We reverse and render the trial court's order on the pleas to the jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Pastusek filed suit against Appellants alleging the City approached it and induced it to purchase the Oakbrook Mall and Advantage Business Park (ABP) located in southeast Fort Worth in return for:

(1) tax abatements as to both real and personal property for a period of ten years; (2) sponsorship and nomination of Pastusek's relocation and renovation efforts by the City to the State of Texas as an "Enterprise Project;" (3) working capital loans; (4) industrial revenue bond financing ("IRBs") for $10,000,000; (5) lease agreements from the City regarding certain portions of the space in the Oakbrook Mall; (6) job training assistance; and (7) possible additional grants and financial assistance.

Pastusek claims that the promises and inducements led it to move to the economically depressed area. Furthermore, Pastusek claims that the City could not provide the promised tax abatements because the City did not have an ordinance in place establishing a tax abatement reinvestment zone. The City subsequently adopted a policy statement that addressed tax abatements and passed an ordinance establishing an abatement reinvestment zone. However, by the time the new ordinance was passed, the Appraisal District had reappraised the ABP and the business personal property located at the facility, resulting in a substantial increase in taxes. In mid 1991, the City informed Pastusek that there would be abatements, but they would be based on the 1991 appraisal, not the values in place in 1990 when Pastusek relocated. Pastusek contends that the Appraisal District then increased the appraised value again in 1992 and 1995, in violation of the agreements.

In 1996, Pastusek filed for bankruptcy under Chapter 11 and filed suit against Appellants in the bankruptcy court. The bankruptcy court dismissed the claims. Pastusek then refiled suit against Appellants in Tarrant County district court alleging causes of action for breach of contract, actual and constructive fraud, breach of fiduciary duty, negligence, equitable estoppel, and money paid/unjust enrichment. Pastusek sought money damages, declaratory judgment, and injunctive relief.

---

1. After this case was submitted, Pastusek dismissed its causes of action against June Garrison, Tax Assessor–Collector for Tarrant County with prejudice. Therefore, June Garrison is no longer an appellant.

Appellants filed pleas to the jurisdiction contending that the trial court lacked subject matter jurisdiction because: (1) Pastusek failed to exhaust its mandatory and exclusive tax code remedies and procedures; (2) Pastusek was merely attempting to recharacterize its tax-related claims as common-law rights or rights to declaratory or injunctive relief; (3) Pastusek's claims are expressly barred under civil practice and remedies code section 101.055(1); and (4) Appellants are entitled to sovereign immunity. On May 11, 2000, the trial court issued an order denying the pleas to the jurisdiction.

### EXHAUSTING ADMINISTRATIVE REMEDIES

In their first issue, Appellants argue that the trial court erred by denying their pleas to the jurisdiction because Pastusek failed to exhaust its administrative remedies prior to filing suit. In considering an interlocutory appeal from a denial of a plea to the jurisdiction, we are not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland ISD v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). Because the question of subject matter jurisdiction is a legal question, we review the trial court's order denying Appellants' pleas to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Denton County v. Howard,* 22 S.W.3d 113, 118 (Tex.App.—Fort Worth 2000, no pet.).

### The Pleadings and the Evidence

Pastusek's pleadings indicate that it seeks money damages and requests that Appellants be "precluded from collection of any taxes in violation of their express representations and should be required to disgorge all taxes heretofore collected in derogation of such representations." Pastusek also "seeks to recover all amounts of excessive taxes which it has paid in taxes since 1990 in the approximate aggregate amount of $250,000.00 and to avoid paying such taxes during the remainder of the ten year tax abatement period." Pastusek also seeks a declaratory judgment stating the amount of taxes it owes Appellants, if any. Finally, Pastusek seeks temporary and permanent injunctions to enjoin Appellants from:

a. asserting or collecting any ad valorem taxes as to the Advantage Business Park and/or any of the personal property located at the facility based on valuations in excess of $324, 959.00 as to the real property and $125,000.00 as to personal property through calendar year 2001;

b. asserting or taking any steps to enforce a tax lien for any calendar year prior to the date of a final judgment against the Advantage Business Park, the Oakbrook Mall, and/or any of the personal property located at either location;

c. undertaking any steps to value the Advantage Business [P]ark (or any part thereof) and the personal property located at the facility in excess of $324,959.00 as to the real property and $125,000.00 as to the personal property; and

d. undertaking any action whatsoever against Pastusek Industries in derogation of the agreements previously reached with Pastusek Industries regarding tax abatements.

### Analysis

Property owners may contest the appraised value of their property by filing a protest with the appraisal review board. TEX. TAX CODE ANN. § 41.01(a)(1) (Vernon Supp.2001). The property owner has the

right to protest any action of the chief appraiser, appraisal district, or appraisal review board that adversely affects the property owner, including the denial of an exemption from ad valorem taxation. *Id.* § 41.41(a)(1), (4), (9). The property owner must first file a written notice of protest with the appraisal review board before June 1 or not later than the 30th day after the date that notice was delivered to the property owner, whichever is later. *Id.* § 41.44(a). The appraisal review board then hears and determines the protest and issues its decision by written order. *Id.* § 41.47 (Vernon 1992). If the property owner is unsuccessful in his protest to the appraisal review board it can then file its petition in the district court appealing the order. *Id.* § 42.01(1)(A) (Vernon Supp. 2001).

Moreover, under certain circumstances and within specified time frames, a property owner may also seek determination of certain value issues by filing a motion to correct alleged errors in an appraisal roll. *Id.* § 25.25(c)-(d). After exhausting this administrative remedy, within 45 days after receiving the appraisal review board's order determining the motion, the property owner may appeal to the district courts. *Id.* §§ 25.25(g), 42.01(1)(B), 42.21(a); *Appraisal Review Bd. v. Int'l Church of the Foursquare Gospel,* 719 S.W.2d 160, 160 (Tex.1986).

■■■■ The administrative remedies available under the tax code are exclusive and must be exhausted before a taxpayer may file suit. TEX. TAX CODE ANN. § 42.09(a)(2); *Scott v. Harris Methodist HEB,* 871 S.W.2d 548, 550 (Tex.App.— Fort Worth 1994, no writ). Because Pastusek is claiming it was denied an exemption from taxation, it is required to first lodge a protest with the appraisal review board and, if still unsatisfied with the review board's decision, then it may seek

review of the decision at the district court level. *See* TEX. TAX CODE ANN. § 42.01(1)(A); *Int'l Church of the Foursquare Gospel,* 719 S.W.2d at 160. Here the pleadings and evidence demonstrate that Pastusek did not pursue and exhaust the administrative remedies provided by the tax code for the properties and tax years for which it seeks relief from the court. Specifically, the evidence demonstrates that Pastusek filed notices of protest between 1990 and 1999 for some of the properties. However, no board order determining any protest was appealed for any of the properties for any of the years protested. Furthermore, no motions for correction were filed, at any time, for any of the properties.

■■■ In addition, at the time of the hearing on Appellants' pleas to the jurisdiction, Pastusek's claims concerning taxes for the year 2000 were not ripe because the appraisal district had until May 15, or as soon thereafter as practicable, to deliver notices of appraised values. *See* TEX. TAX CODE ANN. § 25.19(a). However, the trial court issued the order denying the pleas on May 11, 2000, prior to the time set out by the tax code for the delivery of notice of appraised value to property owners. *See id.* Furthermore, after receiving the notice of appraised value, under section 25.19 the property owner is then required to file notice of protest before June 1 or not later than the 30th day after the date that notice was delivered, whichever is later, or is barred from later seeking relief in the district courts. *See id.* §§ 25.19, 41.44. Because the trial court's order denying the pleas to the jurisdiction occurred before the procedures required by sections 25.19 and 41.44 could occur, the matter was not ripe and the trial court lacked subject matter jurisdiction.

■■■ Moreover, despite the causes of action Pastusek claims to be pursuing by

its suit, the remedies it seeks demonstrate that the suit is in fact a suit by a property owner to arrest or prevent the tax collection process, which is specifically prohibited by the tax code. *See id.* § 42.09(a). Therefore, the trial court lacked subject matter jurisdiction to hear Pastusek's claims. Additionally, the trial court lacked subject matter jurisdiction to hear or decide Pastusek's claims against Appellants for declaratory or injunctive relief because the Declaratory Judgments Act cannot be used as a vehicle to avoid or evade the exclusive administrative process and remedies in the tax code. *Grand Prairie Hosp. Auth. v.. Tarrant Appraisal Dist.,* 707 S.W.2d 281, 284 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

After submission, Pastusek filed a motion to dismiss Appellants' appeal, contending that the appeal is moot because Pastusek filed a "Notice of Dismissal of Causes of Action Related to Tax Relief" and amended its pleadings in the trial court while the appeal was pending in this court. Under the classic mootness doctrine, a justiciable controversy is definite and concrete and must impact the legal relations of parties having adverse legal interests. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). Our jurisdiction is restricted to such actual controversies. *Camarena v. Tex. Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988). A controversy must exist between the parties at every stage of the legal proceeding, including the appeal. *Aetna Life Ins.,* 300 U.S. at 240–41, 57 S.Ct. at 464. Thus, when an appeal is moot, we must set aside the judgment and dismiss the cause. *Tex. Parks & Wildlife Dep't v. Tex. Ass'n of Bass Clubs,* 622 S.W.2d 594, 596 (Tex.App.—Austin 1981, writ ref'd n.r.e.).

In this case, it appears that by filing the motion to dismiss its tax causes of action and by amending its pleadings accordingly, Pastusek has rendered Appellants' exhaustion of remedies issue moot. However, Pastusek did not nonsuit its contract and tort causes of action, and Appellants raise an issue in response to those causes of action. Therefore, we cannot dismiss the entire appeal as moot, but must address the remaining issue.

### SOVEREIGN IMMUNITY

In their second issue, Appellants contend that the trial court erred by denying their pleas to the jurisdiction because Pastusek's causes of action are barred by sovereign immunity. Sovereign immunity protects the State, its agencies, political subdivisions, and its officials from lawsuits for damages, absent legislative consent to sue. *Federal Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997); *Dillard v. Austin ISD,* 806 S.W.2d 589, 592–93 & n. 4 (Tex.App.—Austin 1991, writ denied) (op. on reh'g). Sovereign immunity encompasses two principles: immunity from suit and immunity from liability. *Federal Sign,* 951 S.W.2d at 405; *Mo. Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970). The State retains immunity from suit, without legislative consent, even if its liability is not disputed. *Federal Sign,* 951 S.W.2d at 405. Immunity from suit bars a suit against the State unless the State expressly gives its consent to the suit. *Id.* The State may grant consent to sue by statute or by legislative resolution. *Id.* A waiver of immunity must be made by clear and unambiguous language. *Univ. of Tex. Med. Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994). The burden is upon the party suing the political subdivision to establish consent to suit by alleging either a statute or express legislative consent. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999).

## Contract Claim

First, Pastusek alleges a breach of contract claim against Appellants. The Texas Supreme Court has unequivocally held that a private citizen must have legislative consent to sue the State on a breach of contract claim. *Federal Sign*, 951 S.W.2d at 408. The court stated that while a State waives immunity from liability by entering into a contract with a private citizen, the act of contracting does not waive the State's immunity from suit. *Id.* Therefore, Pastusek's claim for money damages for breach of contract requires legislative consent to maintain. *See id.* at 405; *TRST Corpus, Inc. v. Fin. Ctr., Inc.*, 9 S.W.3d 316, 322 (Tex.App.—Houston [14th Dist.] 1999, pet. denied) (op. on reh'g).

■ There is no evidence in Pastusek's pleadings or elsewhere in the record demonstrating that Pastusek received legislative permission to sue Appellants for breach of contract. Accordingly, no waiver of immunity from suit has been shown, and Pastusek may not maintain an action against Appellants for breach of contract.

## Tort Claims

■ Pastusek also alleges claims against Appellants for actual and constructive fraud, breach of fiduciary duty, negligence, and misrepresentation. A governmental unit is immune from tort liability unless the legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex.), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998); *TRST Corpus*, 9 S.W.3d at 322. The Texas Tort Claims Act (TTCA) provides for a limited waiver of governmental immunity in specific circumstances. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1997); *Univ. of Tex. Med. Branch*, 871 S.W.2d at 177. The extent of the waiver of immunity is set out in section 101.021 of the TTCA. Section 101.021 provides that a governmental unit is liable for property damage, personal injury, or wrongful death caused by an employee acting within the scope of his employment if it arose from the operation of a motor-driven vehicle or motor-driven equipment, and the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1). It also provides that a governmental unit is liable for personal injury or death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *Id.* § 101.021(2).

■ Pastusek's tort causes of action do not fall within the TTCA's limited waiver of immunity. *See id.* Therefore, Pastusek can only assert these claims against Appellants if the legislature has expressly granted consent to sue. *See Federal Sign*, 951 S.W.2d at 405; *Dillard*, 806 S.W.2d at 592–93 & n. 4. Neither Pastusek's pleadings nor the record demonstrate that the legislature has given consent to suit. Because there is no consent to sue, the trial court lacks subject matter jurisdiction over the case. *See Jones*, 8 S.W.3d at 638. We hold that the doctrine of sovereign immunity bars Pastusek's claims for breach of contract, actual and constructive fraud, breach of fiduciary duty, negligence, and misrepresentation. We sustain Appellants' second issue.

### CONCLUSION

Because the Texas Supreme Court has ruled that the judicial power of the courts does not embrace the giving of advisory opinions, we make no ruling on Appellants' first issue. *See Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 333 (Tex.1968). However, having determined that the trial court erred by denying Appellants' pleas

to the jurisdiction based on sovereign immunity, we reverse that portion of the trial court's order that denies the Appellants' pleas to the jurisdiction and render judgment granting their pleas to the jurisdiction.