COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-018-CV

 

 

MICHAEL MILLER D/B/A ALL ECONOMY                                APPELLANTS

FOREIGN
& DISMANTELING, AND ABC LATE

MODEL
TRUCK & AUTO PARTS, INC.

 

                                                   V.

 

THE CITY OF LEWISVILLE, TEXAS                                            APPELLEE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellants Michael Miller
d/b/a All Economy Foreign & Dismanteling, and ABC Late Model Truck &
Auto Parts, Inc. appeal from the trial court=s order granting the City of Lewisville=s plea to the jurisdiction.  In
a single issue, Appellants claim that the trial court erred by granting the
City=s plea.  We will affirm.








Appellants purchased a
carnival trailer from Pro-Tow, a Lewisville towing company, at an auction that
the City of Lewisville oversaw. 
Eventually, the trailer was seized from Appellants and ordered returned
to the registered owner, Bob West, from whom it had been stolen.  Apparently, Pro-Tow had taken possession of
the stolen trailer and exercised its right to auction the trailer after the
trailer had been abandoned at a Budget Inn Suites in Lewisville.[2]

Appellants brought suit
against the City, alleging causes of action for a Ataking,@ negligence,
breach of contract, breach of warranty of title, fraud, joint enterprise, and
in the alternative, joint venture.  The
City filed a plea to the jurisdiction. 
After a hearing, the trial court granted the City=s plea and dismissed all of Appellants= claims against the City.








The burden is on the
plaintiff to plead facts that affirmatively demonstrate subject‑matter
jurisdiction.  Tex. Ass'n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Whether the plaintiff has alleged facts that
demonstrate subject‑matter jurisdiction is a question of law.  Tex. Dep't of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 225‑29 (Tex. 2004).  Therefore, we review the trial court's
granting or denying the plea de novo.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied,
526 U.S. 1144 (1999).  We construe the
pleadings liberally in favor of conferring jurisdiction.  Tex. Dep=t of Transp. v. Ramirez, 74 S.W.3d
864, 867 (Tex. 2002).








We have reviewed Appellants= original petition and their first amended original petition, filed
after the City filed its plea to the jurisdiction.  Appellants have failed to plead facts
establishing jurisdiction as to some of their causes of action, and they have
pleaded facts affirmatively negating the existence of jurisdiction as to other
causes of action.  Concerning Appellants= taking claim, Appellants= pleadings affirmatively demonstrate that even if the City=s oversight of the auction could be construed as a Ataking,@ the Apublic use@ element of
this claim is affirmatively negated.  See,
e.g., Dahl ex rel. Dahl v. State, 92 S.W.3d 856, 861 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (citing City of Abilene v. Burk
Royalty Co., 470 S.W.2d 643, 646 (Tex. 1971)) (recognizing that A[a]n action for inverse condemnation is the appropriate avenue of
relief for a property owner whose property has been taken for public use
without due process or without institution of proper condemnation proceedings,
and who wishes to recover compensation for that loss@).  Concerning Appellants= breach of contract claim, Appellants have not pleaded the existence
of any contract between themselves and the City.  A warranty of title is implied in connection
with a contract for sale.  See Tex. Bus. & Com. Code Ann. ' 2.312(a) (Vernon 1994). 
Because Appellants have not pleaded that any contract exists between
them and the City, they have not pleaded facts establishing a claim for breach
of contract or breach of warranty of title. 
Concerning Appellants= negligence, fraud, joint enterprise, and joint venture claims,
Appellants have not alleged or pleaded any facts attempting to bring these
claims within the exceptions to sovereign immunity created by the Texas Tort
Claims Act.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021 (Vernon 2005); see also City of Fort Worth v. Pastusek
Indus., Inc., 48 S.W.3d 366, 372 (Tex. App.CFort Worth 2001, no pet.) (holding trial court properly granted City=s plea to the jurisdiction on Pastusek=s claims for actual and constructive fraud, breach of fiduciary duty,
negligence, and misrepresentation).

We hold that the trial court
did not err by granting the City=s plea to the jurisdiction. 
Accordingly, we overrule Appellants= sole issue and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    WALKER, LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED:
May 25, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 18.17
(Vernon 2005).