

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-07-358-CV**

ERNEST REYNOLDS III                                                      APPELLANT

V.

MICHAEL MURPHY A/K/A                                                    APPELLEE
AND F/K/A JOHN MICHAEL MURPHY

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

This case involves a summary judgment that was affirmed by this court on all but one of the plaintiff's claims upon which the defendants had failed to move for summary judgment; this court reversed and remanded the summary judgment as to that claim. *Reynolds v. Murphy*, 188 S.W.3d 252, 275 (Tex. App.—Fort Worth 2006, pet. denied), *cert. denied*, 127 S. Ct. 1839 (2007). Upon remand, appellee and defendant below, Michael Murphy a/k/a and f/k/a

John Michael Murphy, filed for summary judgment as to that claim—that he and his publisher, Phillips Investment Resources, L.L.C., had engaged in fraud and misrepresentation by failing to disclose appellee's past performance as a fund manager. Appellant Ernest Reynolds III, the plaintiff below, then amended his petition—omitting Phillips as a party[1] and adding additional causes of action against appellee, sought a continuance, and moved to compel further discovery as to the additional claims. In response to appellee's requests, the trial court struck the amended pleading and refused to allow further discovery. Appellant filed a mandamus, which this court denied. Appellant then nonsuited his claims against appellee for the purpose of rendering final and appealable the trial court's rulings striking his amended pleading and freezing discovery.

On appeal, appellant brings two issues: that the trial court erred by holding that this court's opinion and mandate in the prior appeal deprived him of his right to freely amend his pleadings under rule 63 of the Texas Rules of Civil Procedure and the trial court erred in freezing discovery, thus preventing appellant from deposing appellee. Because this court's prior opinion and mandate did not expressly preclude appellant from including additional claims

---

[1] *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (stating rule that amended petition omitting a defendant operates as a voluntary dismissal as to that party).

in the suit, we reverse the trial court's judgment and remand for further proceedings on appellant's amended petition.

## Background Facts

Appellant originally sued appellee and Phillips in June 2002 for negligence, fraud, and DTPA violations in connection with stock market losses that appellant allegedly suffered after investing in accordance with recommendations made by appellee in a newsletter published by Phillips. *Id*. at 257–58. The trial court granted a final summary judgment for appellee and Phillips. On appeal, this court affirmed most of the summary judgment but reversed and remanded as to one claim upon which appellee and Phillips had failed to specifically move for summary judgment. *Id*. at 275.

After this court's mandate issued, on March 21, 2007, appellant notified appellee that he wished to take appellee's deposition and the deposition of Phillips's principal.[2] Thereafter, on March 29, 2007, appellee and Phillips filed

---

[2] The discovery that has taken place so far consists of numerous requests for admissions and interrogatories. Although some of these were answered, appellee and Phillips filed a motion for a protective order as to others on the ground that the volume of requests was unduly burdensome and harassing. *Reynolds v. Murphy*, 188 S.W.3d 252, 259 (Tex. App.—Fort Worth 2006, pet. denied), *cert. denied*, 127 S. Ct. 1839 (2007). The trial court never ruled on that motion, however, because it granted a final summary judgment in appellee's and Phillips's favor before determining the discovery dispute. *Id*. at 260.

3

a second motion for summary judgment as to the surviving claim. They also filed a Motion to Stay Discovery, Motion to Quash, and Motion For a Protective Order, in which they moved to quash the deposition notices and stay all discovery until the trial court could rule on the second motion for summary judgment.

On May 7, 2007, appellant filed a Third Amended Petition, omitting Phillips as a party, adding two new causes of action—violation of Texas securities laws and the business and commerce code and breach of fiduciary duty, while retaining his claims for fraud and misrepresentation against appellee—and seeking discovery from appellee as to those two claims. That same day, appellant also filed a motion for continuance on the summary judgment hearing, asking that the hearing on the motion be delayed until he could obtain full discovery on his claims and asking the court to compel appellee's deposition.

On May 9, 2007, appellee filed "Special Exceptions, Motion to Strike Plaintiff's Third Amended Petition, and Response to Plaintiff's Motions to Compel and For Continuance," in which he argued that the claims asserted in appellant's Third Amended Petition exceeded the scope of the remand in this court's mandate from the prior appeal, that the additional claims are barred by the law of the case doctrine, and that appellant had failed to "demonstrate the

4

utility of any further discovery on his claims, thereby thwarting the need for any continuance of the summary judgment hearing." Appellee specifically contended, among other things, that this court's mandate contained only a limited remand, with specific instructions to retry only one particular issue, precluding appellant from trying any additional issues.

After a hearing on appellee's special exceptions and motion to strike, the trial court issued a fax ruling, stating that appellee's "motion to strike additional causes of action is granted, as are the exceptions. The Court believes the . . . single issue left to determine under the direction of the Court of Appeals is a question of Duty which is a question of law, [and] the [d]iscovery is ordered frozen." On May 10, 2007, appellant nonsuited Phillips, but "specifically [did] not request" a nonsuit as to appellee.

Appellant filed a mandamus petition in this court on July 20, 2007 challenging the trial court's order striking appellant's new pleading and freezing discovery. This court ultimately denied appellant's mandamus petition. Appellant then filed a "Non-suit, Without Prejudice, of Claim Against Murphy" in the trial court, purporting to nonsuit appellant's "single active, remaining claim" against appellee, but also specifically stating that appellant was not "abandon[ing] or waiv[ing] any of his legal rights (such rights include, but are not limited to, right to due process, rights to discovery, and rights to appeal

5

from trial court rulings made in a letter order on or about May 21, 2007)." The nonsuit filing also states that it was "filed for the purpose, procedurally, of perfecting a right to an appeal" and that it was to have the effect of a final judgment.

After nonsuiting appellee, appellant timely filed a notice of appeal.

**Issues Presented**

Appellant brings two issues complaining about the trial court's ruling striking his Third Amended Petition and freezing discovery in the case. In his first issue, appellant contends that the trial court erred by holding that this court's opinion and mandate in the prior appeal deprives appellant of his right to freely amend his pleadings under rule 63 of the rules of civil procedure. In his second issue, appellant contends that the trial court erred by freezing discovery and preventing appellant from taking appellee's deposition. In response, appellee contends that, regardless of the merits of appellant's issues, the nonsuit rendered the case moot, depriving this court of subject matter jurisdiction over the appeal. Because appellee's argument involves this court's subject matter jurisdiction, we address it first. *See Bd. of Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424, 426 (Tex. 2002); *McClure v. JPMorgan Chase Bank*, 147 S.W.3d 648, 651 (Tex. App.—Fort Worth 2004, pet. denied).

6

## Whether Nonsuit Renders This Appeal Moot

Appellee claims that appellant's nonsuiting his remaining claim against appellee after the trial court struck his Third Amended Petition vitiated the trial court's rulings striking his amended petition and freezing discovery. According to appellee, this mooted the case, and we therefore have no subject matter jurisdiction over the appeal.[3]

Under the classic mootness doctrine, a justiciable controversy is definite and concrete and must impact the legal relations of parties having adverse legal interests. *Aetna Life Ins. Co. of Hartford Conn. v. Haworth*, 300 U.S. 227, 240–41, 57 S. Ct. 461, 464 (1937); *McClure*, 147 S.W.3d at 651. Our jurisdiction is restricted to such actual controversies. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988); *McClure*, 147 S.W.3d at 651. A controversy must exist between the parties at every stage of the legal proceeding, including the appeal. *Wende*, 92 S.W.3d at 427; *McClure*, 147 S.W.3d at 651. Thus, when an appeal is moot, we must set aside the judgment and dismiss the cause. *McClure*, 147 S.W.3d at 651; *City*

---

[3] The parties argued these issues in the context of appellee's presubmission motion to dismiss, which we opted to carry to submission and address in this opinion.

*of Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.).

Texas Rule of Civil Procedure 162 permits a plaintiff to voluntarily dismiss or nonsuit a case "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." TEX. R. CIV. P. 162; *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex. rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006); *Yaquinto v. Britt*, 188 S.W.3d 819, 824 (Tex. App.—Fort Worth 2006, pet. denied). Courts in Texas have held that "a plaintiff has a right to take a nonsuit after the defendant files a motion for summary judgment, up to the time the court announces a summary judgment." *McClure*, 147 S.W.3d at 652. Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, a nonsuit does not vitiate a trial court's previously-made decisions on the merits, such as a summary judgment, or even a partial summary judgment, which becomes final upon disposition of the other issues in the case. *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854–55 (Tex. 1995); *McClure*, 147 S.W.3d at 652; *see also Newco Drilling Co. v. Weyand*, 960 S.W.2d 654, 656 (Tex. 1998) (holding that court of appeals erred by failing to review merits of partial summary judgment after plaintiffs allowed their case to be dismissed for want of prosecution).

The parties disagree as to whether the trial court's rulings striking appellant's amended petition are equivalent to a decision on the merits as to the new claims in the amended petition. Appellee contends that the rulings were merely incidental interlocutory rulings because they did not involve any judgments on the merits of those claims, citing *Le v. Kilpatrick*, 112 S.W.3d 631, 633–34 (Tex. App.—Tyler 2003, no pet.), a case involving an interlocutory denial of a special appearance.

Here, appellee's motion to strike and special exceptions complained of substantive issues as to appellant's Third Amended Petition; specifically, they contended that appellant was not entitled to maintain the new causes of action and that he was not entitled to discovery on those causes of action. A motion to strike that attacks the substance of an amended pleading, even if based on special exceptions, is an improper procedural mechanism. *Gallien v. Wash. Mut. Home Loans, Inc*., 209 S.W.3d 856, 861–62 (Tex. App.—Texarkana 2006, no pet.). Here, by striking not appellant's Third Amended Petition, but, specifically, his new causes of action in that petition, and by refusing to allow discovery on those causes of action, the trial court effected a dismissal of those causes of action with prejudice without affording appellant an opportunity to replead. *See id.* at 861–62. Such a dismissal is improper. *Id*. at 865; *see Rodriguez v. U.S. Sec. Assocs.*, 162 S.W.3d 868, 872–75 (Tex.

9

App.—Houston [14th Dist.] 2005, no pet.); *Humphreys v. Meadows*, 938 S.W.2d 750, 753 (Tex. App.—Fort Worth 1996, writ denied). In essence, by precluding appellant from pursuing those claims in the suit, the trial court effected the same type of disposition as a dismissal or a partial summary judgment precluding consideration of those claims. *See Scherff v. Mo. Pac. Ry. Co.*, 81 Tex. 471, 17 S.W. 39, 40 (1891); *Gallien*, 209 S.W.3d at 865. Accordingly, we conclude and hold that appellant's nonsuit of its sole remaining claim did not vitiate the trial court's rulings effectively barring him from pursuing his new claims and that we have subject matter jurisdiction to consider this appeal. *See Hyundai*, 892 S.W.2d at 854–55; *McClure*, 147 S.W.3d at 652. We deny appellee's motion to dismiss the appeal.

**Whether This Court's Remand in Prior Appeal Limited Appellant's Ability to Plead New Causes of Action**

In the trial court, appellee contended that appellant was not entitled to bring any new causes of action because this court's mandate limited remand to appellant's sole surviving claim after summary judgment—that appellee and Phillips had engaged in fraud and misrepresentation by failing to disclose appellee's past performance as a fund manager. Appellant contended, and contends on appeal, that such an interpretation of this court's mandate is in conflict with rule 63 of the rules of civil procedure, which allows parties to file

10

amended pleadings without leave of court up to seven days before trial unless the amendment works as a surprise to the opposing party or unless the trial court has set a different date in a scheduling order under rule 166. TEX. R. CIV. P. 63, 166; *In re Estate of Henry*, 250 S.W.3d 518, 526 (Tex. App.—Dallas 2008, no pet.); *see also* TEX. R. CIV. P. 66 (providing for pleadings to be amended during trial). Here, appellee did not claim surprise as a result of the new claims in the Third Amended Petition, nor is there evidence that any scheduling order supplanted the general rule. Accordingly, we look to the language of our mandate and case law governing the scope of remand.

Generally, "[w]hen a case has been remanded, the cause is pending and amended pleadings may be filed in pending cases pursuant to [rule] 63." *U.S. Fid. and Guar. Co. v. Beuhler*, 597 S.W.2d 523, 524–25 (Tex. Civ. App.—Beaumont 1980, no writ); *see Sepulveda v. Krishnan*, 839 S.W.2d 132, 137 n.2 (Tex. App.—Corpus Christi 1992), *aff'd*, 916 S.W.2d 478 (Tex. 1995). However, when an appellate court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). In interpreting the mandate of the appellate court, the courts should look not only to the mandate itself but also to the opinion of the court. *Id*.

Here, this court's mandate read as follows: "We reverse that portion of the trial court's judgment regarding the claim that appellees engaged in fraud and misrepresentation by representing [appellee's] talents and skills in an untrue light and remand that portion for further proceedings consistent with this opinion." The following excerpts from this court's prior opinion relate to the remanded claim:

> [B]ecause appellees did not move for summary judgment as to whether appellees misrepresented Murphy's "talents and skills" by failing to disclose his past performance as a fund manager, they were not entitled to either a traditional or no-evidence summary judgment on that particular claim.
>
> . . . .
>
> We sustain [appellant's] sixth issue as to his fraud and misrepresentation claims based on the allegation that appellees represented Murphy's talents and skills in an untrue light by failing to disclose his past performance as a fund manager.
>
> . . . .
>
> Having determined that appellees were entitled to summary judgment on all of [appellant's] claims except his claim that appellees engaged in fraud and misrepresentation by failing to disclose Murphy's past performance as a fund manager, we affirm the trial court's judgment except as to that claim. We reverse and remand the claim that appellees engaged in fraud and misrepresentation by failing to disclose Murphy's past performance as a fund manager for further proceedings consistent with this opinion.

*Reynolds*, 188 S.W.3d at 272, 275.

12

Based on the foregoing, we conclude and hold that this court's mandate did not limit remand to the sole issue upon which appellee and Phillips failed to move for summary judgment. Instead, the language simply reflects this court's opinion that, of the claims pending at the time of the motion for summary judgment, summary judgment was improperly granted as to the claim that appellee and Phillips engaged in fraud and misrepresentation by failing to disclose appellee's past performance as a fund manager; therefore, that claim should first be reconsidered in the trial court before review by this court. There is no language limiting the trial court's consideration to only that claim, and there is no language specifically prohibiting appellant from adding new claims. Nothing in this court's prior opinion speaks to such an argument, nor did this court consider whether any other types of causes of action would be viable upon this set of facts.

In the cases relied upon by appellee, the appellate courts' remands either included language specifically indicating that the trial court was precluded from considering additional claims or were issued in appeals in which *trial had already occurred*. *See Kahn v. Seely*, 37 S.W.3d 86, 87–88 (Tex. App.—San Antonio 2000, no pet.) (holding that remand was limited when, *in prior appeal from jury verdict*, appellate court mandate reversed and remanded "for further proceedings on the post-dissolution compensation issue"); *Seale v. Click*, 556

13

S.W.2d 95, 96 (Tex. Civ. App.—Eastland 1977, writ ref'd n.r.e.) (noting that remand in original appeal from summary judgment in which appeals court affirmed summary judgment disposing of all of plaintiff's claims was for "trial *only* of the issue of [Click's] damages pleaded by her cross-action" (emphasis added)); *Owens v. Lubbock ISD*, 237 S.W.2d 711, 712 (Tex. Civ. App.—Amarillo 1950, writ ref'd n.r.e.) (holding that trial court properly sustained special exceptions to additional pleadings after remand from appeal taken from trial court's denial of counterclaim in bench trial).[4] Thus, in these cases, the parties had had the opportunity to fully litigate all issues to a resolution.

In contrast, this case was still in the pretrial stage, with discovery ongoing (although the parties disputed whether an adequate time for discovery had occurred), and if the trial court had denied summary judgment initially, or if this court had reversed the entire summary judgment, appellant would have been free to amend his pleadings to add new claims, subject to any scheduling orders entered by the trial court. *See* TEX. R. CIV. P. 63, 166; *Beuhler*, 597 S.W.2d at 524–25. Appellee has not shown why appellant should not be

---

[4] *See also Lifshutz v. Lifshutz*, 199 S.W.3d 9, 20–21 (Tex. App.—San Antonio 2006, pets. denied) (holding that remand was limited in scope when remanding only some issues after bench trial).

afforded the same right here, when, in effect, this court's mandate left a claim pending in the trial court, and this court did not make any explicit instructions as to how that claim should have been disposed. For instance, if appellee had opted to go to trial on that claim, rather than move for summary judgment, this court's mandate and opinion would not have precluded that choice. Likewise, this court's mandate did not preclude appellee from filing a motion for summary judgment as to that claim.

This case is more similar to *Creative Thinking Sources, Inc. v. Creative Thinking, Inc.*, in which the court of appeals initially affirmed a summary judgment in part and reversed and remanded it in part. 74 S.W.3d 504, 508–09 (Tex. App.—Corpus Christi 2002, no pet.). In the first appeal, the court's disposition was as follows:

> We REVERSE the judgment of the trial court on CTS's claims for declaratory judgment, and breach of duty arising from a confidential or informal fiduciary relationship, and REMAND for trial on those claims. We affirm the remainder of the judgment against CTS on its claims based on the existence of a partnership with CT.

*Id*. at 509. Upon remand, as in this case, the defendant moved the trial court to limit the plaintiff's causes of action to those remanded by the court of appeals; the trial court granted the motion and struck a subsequent amended pleading asserting new causes of action. *Id*. The trial court then granted a

15

second summary judgment against the plaintiff, and the Corpus Christi Court of Appeals reversed the trial court's ruling. *Id*. at 515.

This case, too, involves a summary judgment that was affirmed in part and reversed and remanded in part, with instructions that the trial court should conduct further proceedings on the remanded claim. The mandate did not specifically limit the trial court's consideration to that one claim, however, nor did it preclude the addition of new claims by amendment. We sustain appellant's first issue.[5]

In his second issue, appellant contends that the trial court erred by freezing discovery. Having held that this court's mandate did not preclude appellant from bringing additional claims in the trial court, and discerning no other reason in the record for the trial court's ruling disallowing further discovery, we sustain appellant's second issue. *See* TEX. R. CIV. P. 192.4

---

[5] Appellee claims that appellant did not brief an alternative ground upon which the trial court struck appellant's pleadings: that the new claims are precluded by the law of the case doctrine. However, the trial court's ruling was clearly based upon this court's conclusion that the single issue left to determine "under the direction of the Court of Appeals" was the sole remanded issue. *See Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003) (holding that trial court judgments should be construed as a whole, harmonizing and giving effect to all parts). Moreover, neither the trial court nor this court has yet passed on the merits of appellant's new claims; thus, the law of the case does not apply. *See Truck Ins. Exch. v. Robertson*, 89 S.W.3d 261, 264 (Tex. App.—Fort Worth 2002, no pet.).

(allowing trial court to limit discovery if unreasonably cumulative, duplicative, obtainable from other sources, or unduly burdensome or expensive), 192 cmt. 7 (stating that courts should limit discovery under rule 192.4 "based on the needs and circumstances of the case . . . only to prevent unwarranted delay and expense as stated more fully in the rule. . . . [and that a] court abuses its discretion in unreasonably restricting a party's access to information through discovery"); *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that purpose of discovery is to seek truth so that disputes may be decided by what facts reveal, not by what facts are concealed).

## Conclusion

Having sustained both of appellant's issues, we reverse the trial court's rulings freezing discovery and striking the new claims in appellant's Third Amended Petition—based on the Texas securities laws, the business and commerce code, and breach of fiduciary duty. We remand this case to the trial court for trial or other appropriate proceedings consistent with this opinion.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, GARDNER, and McCOY, JJ.

DELIVERED:  August 29, 2008