**SIMULIS, L.L.C., Appellant**

v.

**GENERAL ELECTRIC CAPITAL CORPORATION, Appellee.**

**No. 14–09–01055–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 15, 2011.

---

Gerald Fowler, Harmeyer & Fowler, P.C., Houston, for Appellant.

R. Paul Yetter and Dori Kornfeld Goldman, Yetter, Warden & Coleman, L.L.P., Houston, for Appellee.

Panel consists of Justices FROST, BROWN, and CHRISTOPHER.

## OPINION

JEFFREY V. BROWN, Justice.

In this appeal after remand, Simulis, L.L.C. complains of the trial court's final judgment dismissing all of its claims with prejudice after the court granted the special exceptions of General Electric Capital Corporation ("GE") and ordered Simulis to replead to assert a claim for quantum meruit only, but Simulis instead amended its pleading to assert numerous other claims. Simulis contends the trial court abused its discretion because this court's remand was a general remand entitling Simulis to amend its pleadings freely. In response, GE argues that this Court remanded a single claim which Simulis abandoned in favor of its new claims contrary to the trial court's order, and therefore the trial court correctly entered a final judgment dismissing Simulis's claims with prejudice. GE also asserts that the trial court's judgment may be affirmed on other grounds raised in its special exceptions which Simulis does not challenge on appeal. For the reasons explained below, we reverse and remand.

I

This appeal concerns the trial court's judgment after remand following this court's memorandum opinion in *Simulis, L.L.C. v. General Electric Capital Corp.*, No. 14–06–00701–CV, 2008 WL 1747483 (Tex.App.-Houston [14th Dist.] Apr. 17, 2008, no pet.). The background of the case is explained in detail in that opinion; however, we will recount some of the facts to place our post-remand analysis in context.

Simulis is a software-simulation company that provides virtual simulations for various purposes. *Id.* at *1. GE provides commercial financial services. In 2000, GE approached Simulis about forming a strategic alliance, and GE eventually invested $5 million in Simulis in exchange for an ownership interest in the company. In 2002, GE provided Simulis with a $100,000 promissory note as bridge financing. But Simulis never received any business from the company, and it stopped paying on the note. *Id.*

In 2005, GE sued Simulis for breach of contract and also asserted a sworn account claim. GE moved for summary judgment, and in response, Simulis did not deny liability but asserted an offset defense and counterclaims for breach of contract, promissory estoppel, and quantum meruit. *Id.* The trial court granted an interlocutory summary judgment in favor of GE on the note, and GE then moved for summary judgment on Simulis's counterclaims and defenses. *Id.* The trial court also granted this motion. Simulis appealed only the summary judgment on its promissory estoppel and quantum meruit counterclaims. *Id.*

This court affirmed the trial court's grant of summary judgment on Simulis's promissory-estoppel claim, holding that Simulis's reliance on alleged promises of

future business was "unreasonable as a matter of law." *Id.* at *2. We also held, however, that Simulis had raised a fact issue on its quantum meruit claim. *Id.* at *3. As we explained, "the trial court erred in granting summary judgment as to Simulis's quantum meruit claim, and we reverse that portion of the trial court's judgment and remand for further proceedings consistent with this opinion." *Id.*

On remand, rather than pursue its quantum meruit claim, Simulis amended its pleading to add new counterclaims, including claims for unjust enrichment, breach of various fiduciary duties, fraud, negligent misrepresentation, misappropriation of trade secrets, violation of the Texas Theft Liability Act, and unfair competition.[1] In response to the new counterclaims, GE filed special exceptions asserting res judicata, collateral estoppel, and law of the case. GE also asserted that Simulis failed to plead essential elements of its claims and to comply with this court's mandate. On February 11, 2009, the trial court granted GE's special exceptions and ordered Simulis to amend its pleading within ten days "to cure the deficiencies as set forth in the Special Exceptions."

The next day, Simulis filed "Plaintiff's Third Amended Counterclaim,"[2] which contained minor changes to the factual allegations supporting its claims, and additional claims for "detrimental reliance" and "gross negligence." Simulis also increased the maximum amount of damages sought from $25 million to $100 million.

In April 2009, GE moved to dismiss all of Simulis's claims for failing to comply with the court's special-exceptions order. Simulis objected to the motion, asserting that it had amended its petition in response to the court's order and that GE refused to concede that Simulis "had every right to amend its pleadings in this case following a general remand of this case for trial." The record contains references to an oral hearing concerning GE's motion on May 1, 2009, but our record contains no transcription of any oral hearing. Then, on May 26, 2009, the trial court signed an order requiring Simulis to "file an amended petition within ten days, asserting a claim for quantum meruit only."[3]

Contrary to the order, Simulis instead filed a "Plaintiff's Fourth Amended Counterclaim" in which it dropped its unjust-enrichment claim (a claim based on allegations similar to the quantum meruit claim originally pleaded) and repleaded the numerous other claims alleged in the third amended petition. GE again moved to dismiss all of Simulis's claims, this time for failing to comply with the trial court's order to replead only a quantum meruit claim.[4] On August 13, 2009, the trial court signed an order granting GE's motion and dismissing all of Simulis's claims with prejudice.

---

1. Simulis also asserted a third-party petition naming Robert Stefanowski, a GE employee who also served on Simulis's board of directors, as a defendant. It does not appear from the record that Stefanowski, a resident of Connecticut, was ever served or appeared, and the parties do not discuss him.

2. Although Simulis apparently served GE with a second amended counterclaim, GE asserts it was never filed with the court, and it does not appear in the record except as an exhibit to GE's special exceptions.

3. This order was signed in response to GE's unopposed motion for entry of a proposed order.

4. In its motion to dismiss, GE asserted that, at the May 1 hearing, "Simulis agreed to the Court's direction to replead only quantum meruit, consistent with the Court of Appeals' mandate," but it did not do so.

On September 11, 2009, the trial court signed a final judgment ordering that Simulis take nothing on any of its claims. Simulis moved for a new trial, asserting that the trial court erred by ruling that the appellate mandate prevented Simulis from amending its pleadings to add causes of action not pleaded before remand. Simulis also attached evidence that "was not in the record" when the trial court first ruled on GE's motion for summary judgment on Simulis's counterclaims. The motion for new trial was overruled by operation of law, and this appeal followed.

## II

In a single issue, Simulis contends that the this Court's remand for "further proceedings consistent with this opinion" is a general remand, after which Simulis was entitled to amend its pleadings as the facts and rules of procedure allow, and the trial court abused its discretion by refusing to allow Simulis to amend its pleadings and striking Simulis's claims. Within this issue, Simulis argues that GE improperly used special exceptions procedure to assert the affirmative defenses of res judicata, collateral estoppel, and law of the case.

■ Initially, GE responds that Simulis has waived its issue because the special exceptions were properly sustained for reasons that Simulis failed to contest on appeal. In its special exceptions, GE argued that Simulis's newly added claims exceeded the scope of the appellate mandate and its fraud, fraud-by-nondisclosure, and negligent-misrepresentation counterclaims were barred by principles of res judicata, collateral estoppel, and law of the case.[5] GE also argued that all of the

newly added claims were defectively pleaded for various reasons. On appeal, however, Simulis does not challenge the pleading deficiencies asserted in GE's special exceptions. Simulis argues that it has not waived its issue because it amended its pleading in response to the trial court's order granting the special exceptions to address the asserted deficiencies, and in any event the order Simulis refused to comply with was the trial court's order directing Simulis to replead only a quantum meruit claim. On these facts, we conclude that Simulis has not waived its issue.

The trial court's February 11 order on GE's special exceptions—in which the court ordered Simulis to replead to "cure the deficiencies as set forth" in GE's special exceptions—was superseded by the trial court's later order of May 26, in which the court ordered Simulis to file an amended petition "asserting a claim for quantum meruit only." By limiting Simulis to that single claim, the trial court effectively denied Simulis the opportunity to replead its newly added claims to cure any deficiencies. The trial court's May 26 order is clearly based on the conclusion that our opinion and mandate limited Simulis to the single claim of quantum meruit, rather than any of the other grounds GE originally asserted in its special exceptions. Therefore, Simulis was not required to address all of the grounds presented in GE's special exceptions.

Further, when Simulis refused to replead only a quantum meruit claim, the trial court granted GE's motion to dismiss all of Simulis's claims with prejudice.[6] On

---

**5.** Specifically, GE contended that the fraud, fraud-by-nondisclosure, and negligent-misrepresentation claims all relied on the same issue of detrimental reliance on alleged promises of future business, which this Court had already

ruled was unreasonable as a matter of law. *See Simulis,* 2008 WL 1747483, at *2.

**6.** In GE's "Motion to Dismiss For Failure to Comply with Unopposed Order," GE stated in

September 11, 2009, the trial court entered a final take-nothing judgment against Simulis. It is this order from which Simulis correctly appeals. *See Perry v. Cohen,* 272 S.W.3d 585, 587 (Tex.2008). Therefore, we conclude that Simulis has not waived its appellate issue.

## III

■ Simulis first argues that this Court's remand "for further proceedings consistent with this opinion" was a general remand, and therefore after remand it was entitled to amend its pleadings freely. GE responds that the proceedings on remand were limited to the scope of the mandate, which reversed and remanded Simulis's quantum meruit counterclaim only. Thus, GE argues that the mandate limited Simulis to its quantum meruit claim only, and the mandate's language does not permit Simulis to "litigate a stream of brand new claims, much less claims with the same already-rejected reliance element." We conclude that on remand Simulis was entitled to amend its pleadings to add new claims or parties except as to those claims on which we rendered summary judgment in GE's favor.

■ Generally, when an appellate court reverses and remands a case for further proceedings, and the mandate is not limited by special instructions, the effect is to remand the case to the lower court on all issues of fact, and the case is reopened in its entirety. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *Brewer & Pritchard, P.C. v. Johnson,* 167 S.W.3d 460, 465 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Reynolds v. Murphy,* 266 S.W.3d 141, 146–48 (Tex. App.-Fort Worth 2008, pet. denied). In interpreting the mandate of an appellate court, courts look not only to the mandate itself but also to the opinion of the court. *Hudson,* 711 S.W.2d at 630.

> This court's mandate read as follows:
>
> We have inspected the record and find the trial court erred in granting summary judgment on appellant Simulis, L.L.C.'s quantum meruit counterclaim because there is a fact issue as to whether Simulis, L.L.C. provided valuable materials or services to General Electric Capital Corporation. We therefore order that the counterclaim [is] REVERSED and ordered severed and REMANDED for proceedings in accordance with this court's opinion.
>
> Further, we find no error in the remainder of the judgment and order it AFFIRMED.

And this court explained in its opinion:

> The trial court did not err in granting summary judgment as to Simulis's promissory estoppel claim, and we af-

its prayer for relief that "for the foregoing reasons, and for the reasons set forth in its Unopposed Motion for Entry of Proposed Order and Special Exceptions pleadings, GE respectfully requests that the Court dismiss Simulis's Fourth Amended Counterclaim." At oral argument, GE asserted that based on this language, the trial court impliedly dismissed Simulis's claims for the reasons stated in the Unopposed Motion for Entry of Proposed Order and Special Exceptions, and thus Simulis was required to attack all of those grounds on appeal. We disagree. As stated in GE's motion to dismiss, the trial court previously had granted GE's special excep-

tions and Unopposed Motion for Entry of Proposed Order, and Simulis had not complied with the trial court's orders granting this relief. In these prior requests for relief GE sought orders requiring Simulis to replead, and the trial court granted them. When Simulis did not replead as ordered, GE moved to dismiss. In this context, we conclude that GE did not incorporate the grounds from these prior requests for relief as grounds in its motion to dismiss. *See Reynolds v. Murphy,* 266 S.W.3d 141, 148 n. 5 (Tex.App.-Fort Worth 2008, pet. denied). Therefore, Simulis did not have to attack these other grounds on appeal.

firm that portion of the trial court's judgment. However, the trial court erred in granting summary judgment as to Simulis's quantum meruit claim, and we reverse that portion of the trial court's judgment and remand for further proceedings consistent with this opinion.

The opinion and mandate make clear that two claims were considered on appeal from a grant of summary judgment, one of which was affirmed and one of which was reversed and remanded. The quantum meruit claim was remanded for further proceedings "consistent with this opinion" because Simulis presented evidence that created a fact issue on its claim. *See Simulis*, 2008 WL 1747483, at *3. Contrary to GE's position, this court did not limit the scope of the remand to an adjudication of a single claim; it merely addressed the specific claims presented in the limited summary-judgment record before it. *See Hudson*, 711 S.W.2d at 630–31.

Because our opinion and mandate did not include any language limiting Simulis to a quantum meruit claim only, Simulis was free to amend its pleadings to add new claims or parties, except as to those claims on which we rendered summary judgment

in GE's favor. *See id.; Brewer & Pritchard, P.C.*, 167 S.W.3d at 465; *Reynolds v. Murphy*, 266 S.W.3d at 146–48; *see also Creative Thinking Sources, Inc. v. Creative Thinking, Inc.* 74 S.W.3d 504, 511 (Tex.App.-Corpus Christi 2002, no pet.) (holding appellate court's opinion and mandate did not prevent appellant from amending its pleadings on remand to add new causes of action not substantially the same as those originally considered on appeal from summary judgment). Therefore, the trial court abused its discretion in ordering Simulis to amend its petition to allege a quantum meruit claim only.

 Although Simulis also contends on appeal that GE used the special exceptions procedure improperly to assert res judicata, collateral estoppel, and law of the case,[7] we do not reach that part of its issue because, as discussed above, the trial court's order was based on the argument that this Court's mandate prohibited Simulis from asserting any claims other than a quantum meruit claim, and the trial court did not rule on GE's other special-exceptions grounds in the order from which Simulis appeals.

\* \* \*

**7.** We express no opinion on the merit of GE's assertions, but we agree with Simulis that res judicata, collateral estoppel, and law of the case should not be asserted in special exceptions. Generally, the purpose of special exceptions is to force clarification of vague pleadings or to question whether a party's claims fail to plead a cause of action. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex.2007) (per curiam); *Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex.App.-Houston [14th Dist.] 1992, no pet.). A motion to strike that attacks the substance of an amended pleading, even if based on special exceptions, is an improper procedural mechanism. *Reynolds*, 266 S.W.3d at 146. We note that in *Baylor*, special exceptions were used to allege res judicata, collateral estoppel, and law of the case, *see* 221 S.W.3d at 634, and

GE points to a few other cases in which these doctrines were alleged in special exceptions. But GE does not direct us to any case, including *Baylor*, in which a court addressed the issue of whether the assertion of res judicata, collateral estoppel, and law of the case in special exceptions is proper. Further, in *Baylor*, the supreme court did not conclude that any of the doctrines applied; instead, it held that the trial court did not err in dismissing the plaintiff's amended breach-of-contract claims following remand, when the plaintiff failed to plead new facts sufficient to support a legally cognizable claim. *Id.* at 635–36. When a party seeks to dispose of claims barred by res judicata, collateral estoppel law of the case, and similar theories, it should file a motion for summary judgment.

We therefore sustain Simulis's issue and reverse and remand the trial court's judgment for proceedings consistent with this opinion.