

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00105-CV

---

NORTHWEST INDEPENDENT
SCHOOL DISTRICT

APPELLANT

V.

CARROLL INDEPENDENT
SCHOOL DISTRICT

APPELLEE

----------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

## CONCURRING AND DISSENTING OPINION
## ON APPELLEE'S MOTION FOR EN BANC CONSIDERATION

----------

I agree with much of the substance of the majority opinion. I therefore concur in part. But I disagree with the majority's disposition allowing CISD to ask for declaratory relief upon remand for which it did not plead in the trial court. I therefore also dissent in part and write to clarify the holding of the majority.

I agree with the majority's holding that the trial court has no jurisdiction to

move the current boundary line, only to declare what the boundary line is and always has been.[1]  I also agree with the majority's decision barring CISD from asking the trial court on remand for a declaration that the county line established in *Tarrant County*[2] is the district boundary line.[3]

But I disagree with the majority's decision to remand the case to the trial court to allow it to consider a request for declaratory relief about the location of the boundary line.[4]  CISD did not plead for this kind of declaratory relief.  It did not assert that the districts disputed where the boundary line is and always has been since their formation, and it did not request a declaration about the location of that long-standing boundary line.  It asked specifically for a declaration that the district boundary line is located along the new county line set by *Tarrant County*. That is the only declaratory relief requested by CISD.  And that sole declaratory relief requested by CISD is relief that the trial court has no jurisdiction to grant under the majority opinion, a holding that I join.

---

[1]*See* Majority Op. at 14.

[2]*Tarrant Cnty. v. Denton Cnty.*, 87 S.W.3d 159 (Tex. App.—Fort Worth 2002, pet. denied).

[3]*See* Majority Op. at 14.

[4]*See id.* at 16.

Generally, amended pleadings may be filed when a case is pending in a trial court upon remand.[5] The majority appears to be remanding to allow CISD to amend its petition—for the sixth time—in light of this general rule. But when, as in this case, an appellate court limits its remand of a case for consideration of a particular issue, the trial court is restricted to a determination of that particular issue.[6] Here, the majority has limited its remand to a particular issue, but it is one that was not raised in the trial court. Not only did CISD not plead this claim for relief, but it did not allege that the parties have a dispute about where the districts have always recognized their common boundary line to be.

Even if CISD could amend its pleadings upon remand to include the claim for declaratory relief that, according the majority, the trial court has jurisdiction to consider,[7] the majority is rendering an advisory opinion by determining whether

---

[5]*Reynolds v. Murphy*, 266 S.W.3d 141, 146–47 (Tex. App.—Fort Worth 2008, pet. denied).

[6]*Id.*

[7]*See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639–40 (Tex. 2004) ("If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action."); *United Prod. Corp. v. Hughes*, 137 Tex. 21, 25–26, 152 S.W.2d 327, 330 (1941) (holding that amendments to pleadings are permissible only if jurisdiction has attached); *see also U.S. Fid. & Guar. Co. v. Beuhler*, 597 S.W.2d 523, 524 (Tex. Civ. App.—Beaumont 1980, no writ) (holding that when a plaintiff's claim has been terminated, the case cannot be further prosecuted by filing an amended petition); *but see Osburn v. Denton Cnty.*, 124 S.W.3d 289, 293 (Tex. App.—Fort Worth 2003, pets. denied) (upholding the trial court's grant of a plea to the jurisdiction but holding that the trial court erred by dismissing the case without affording the

3

the plea to the jurisdiction should have been granted on a claim that was not before the trial court over a controversy not alleged to exist.[8]

I would reverse the trial court's denial of NWISD's plea to the jurisdiction on CISD's claim for declaratory relief, grant NWISD's plea as to that claim, and dismiss that claim. Because the majority opinion holds that the trial court has no jurisdiction over CISD's only claim for declaratory relief but remands the case for the limited basis of allowing CISD to pursue declaratory relief that it did not include in its petition, I respectfully dissent.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

DELIVERED: June 19, 2014

---

appellants an opportunity to amend their pleadings to assert other cognizable causes of action).

[8]*See Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 190 (Tex. App.—Fort Worth 2004, pet. denied) (en banc op. on reh'g) (stating that courts of appeals may not render advisory opinions).