MILLER V. CITY OF LEWISVILLE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-018-CV

MICHAEL MILLER D/B/A ALL ECONOMY APPELLANTS

FOREIGN & DISMANTELING, AND ABC LATE

MODEL TRUCK & AUTO PARTS, INC.

V.

THE CITY OF LEWISVILLE, TEXAS APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Michael Miller d/b/a All Economy Foreign & Dismanteling, and ABC Late Model Truck & Auto Parts, Inc. appeal from the trial court’s order granting the City of Lewisville’s plea to the jurisdiction.  In a single issue, Appellants claim that the trial court erred by granting the City’s plea.  We will affirm.

Appellants purchased a carnival trailer from Pro-Tow, a Lewisville towing company, at an auction that the City of Lewisville oversaw.  Eventually, the trailer was seized from Appellants and ordered returned to the registered owner, Bob West, from whom it had been stolen.  Apparently, Pro-Tow had taken possession of the stolen trailer and exercised its right to auction the trailer after the trailer had been abandoned at a Budget Inn Suites in Lewisville.
(footnote: 2)
 Appellants brought suit against the City, alleging causes of action for a “taking,” negligence, breach of contract, breach of warranty of title, fraud, joint enterprise, and in the alternative, joint venture.  The City filed a plea to the jurisdiction.  After a hearing, the trial court granted the City’s plea and dismissed all of Appellants’ claims against the City.

The burden is on the plaintiff to plead facts that affirmatively demonstrate subject-matter jurisdiction.  
Tex. Ass'n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993).  Whether the plaintiff has alleged facts that demonstrate subject-matter jurisdiction is a question of law.  
Tex. Dep't of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 225-29 (Tex. 2004).  Therefore, we review the trial court's granting or denying the plea de novo.  
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999).  We construe the pleadings liberally in favor of conferring jurisdiction.  
Tex. Dep’t of Transp. v. Ramirez
, 74 S.W.3d 864, 867 (Tex. 2002).

We have reviewed Appellants’ original petition and their first amended original petition, filed after the City filed its plea to the jurisdiction.  Appellants have failed to plead facts establishing jurisdiction as to some of their causes of action, and they have pleaded facts affirmatively negating the existence of jurisdiction as to other causes of action.  Concerning Appellants’ taking claim, Appellants’ pleadings affirmatively demonstrate that even if the City’s oversight of the auction could be construed as a “taking,” the “public use” element of this claim is affirmatively negated.  
See, e.g.
, 
Dahl ex rel. Dahl v. State
, 92 S.W.3d 856, 861 (Tex. App.—Houston [14th
 Dist.] 2002, no pet.) (citing 
City of Abilene v. Burk Royalty Co.
, 470 S.W.2d 643, 646 (Tex. 1971)) (recognizing that “[a]n action for inverse condemnation is the appropriate avenue of relief for a property owner whose property has been taken for public use without due process or without institution of proper condemnation proceedings, and who wishes to recover compensation for that loss”).  Concerning Appellants’ breach of contract claim, Appellants have not pleaded the existence of any contract between themselves and the City.  A warranty of title is implied in connection with a contract for sale.  
See
 
Tex. Bus. & Com. Code Ann.
 § 2.312(a) (Vernon 1994).  Because Appellants have not pleaded that any contract exists between them and the City, they have not pleaded facts establishing a claim for breach of contract or breach of warranty of title.  Concerning Appellants’ negligence, fraud, joint enterprise, and joint venture claims, Appellants have not alleged or pleaded any facts attempting to bring these claims within the exceptions to sovereign immunity created by the Texas Tort Claims Act.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021 (Vernon 2005); 
see also City of Fort Worth v. Pastusek Indus., Inc.
, 48 S.W.3d 366, 372 (Tex. App.—Fort Worth 2001, no pet.) (holding trial court properly granted City’s plea to the jurisdiction on Pastusek’s claims for actual and constructive fraud, breach of fiduciary duty, negligence, and misrepresentation).

We hold that the trial court did not err by granting the City’s plea to the jurisdiction.  Accordingly, we overrule Appellants’ sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: May 25, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Code Crim. Proc. Ann.
 art. 18.17 (Vernon 2005).