

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00059-CV

_____

STEPHEN DUNSON, Appellant

V.

SHIRLEY JACOBSON, TARRANT APPRAISAL REVIEW BOARD, AND
TARRANT APPRAISAL DISTRICT, Appellees

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-285454-16

Before Kerr and Birdwell, JJ., and Michael C. Massengale
(Former Justice, Sitting by Assignment).
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Stephen Dunson sued appellees—the appraisal authorities of Tarrant County—over their handling of various property-tax matters in which he was involved. The trial court granted appellees' pleas to the jurisdiction and dismissed Dunson's claims with prejudice. Because we conclude that immunity bars Dunson's claims and that this defect is not curable, we affirm.

## I. BACKGROUND

In his petition, Dunson explained that he is a licensed property-tax consultant. According to Dunson, property owners often engage tax-consulting firms to handle their property-tax matters. He alleged that these consulting firms "sometimes encounter[] logistical obstacles when acting for a property owner with numerous properties located in multiple jurisdictions." On such occasions, the firm will engage the services of another tax consultant as a local representative. According to Dunson, he often acted as a local representative, handling tax matters within Tarrant County on behalf of consulting firms based outside the county.

But he alleged that beginning in 2015, appellees—Tarrant Appraisal District (TAD), Tarrant Appraisal Review Board (TARB), and TARB's then-chairman Olen Frazier[1]—refused to recognize some of these local-representative arrangements as

---

[1]Frazier left office before the conclusion of this appeal. "When a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate." Tex. R.

valid. Appellees reasoned that these arrangements potentially ran afoul of tax code section 1.111(d), which provides that a property owner may not "designate more than one agent to represent the property owner in connection with an item of property." Tex. Tax Code Ann. § 1.111(d). Appellees asserted that unless a local representative was an officer or full-time employee of the consulting firm, both the consulting firm and the local representative would be acting as separate agents of the property owner, in violation of section 1.111(d). Dunson alleged that based on this stance, appellees enacted policies and issued guidance that limited his ability to appear as a local representative. Appellees demanded proof that he was an employee of the consulting firms he sought to represent and in some cases declined to recognize him as an authorized representative. According to Dunson, appellees went so far as to refuse to recognize their own tax-settlement agreements in matters in which he appeared as a local representative.

For his part, Dunson argued that he should not be considered a separate agent when appearing on behalf of another consulting firm. He noted that entities such as tax-consulting firms can act only through individuals. In Dunson's view, nothing in section 1.111 limited a consulting firm's ability to choose who should appear for the firm at a tax proceeding; section 1.111 does not provide that a consulting firm may appear only through its full-time employees. Instead, normal principles of agency

App. P. 7.2(a). Thus, Shirley Jacobson, the current chairwoman of TARB, has been substituted for Frazier as the named appellee.

3

dictate that the firm could appear at tax proceedings through any representative it chose. And when he appeared for a consulting firm, Dunson contended, he was acting as the consulting firm and not as a separate tax agent in violation of section 1.111.

Appellees remained unconvinced. So, Dunson filed suit, seeking a declaration that appellees' policies and conduct exceeded their authority under tax code section 1.111. He alleged that Frazier in particular had acted ultra vires. Dunson asked for a declaration ensuring that he would be allowed to appear as a local representative going forward. He also requested a declaration that his settlement agreements were valid and binding upon TARB. Finally, Dunson prayed for attorney's fees as well as mandamus relief under tax code section 41.07(a) compelling appellees to decide certain outstanding tax disputes. *Id.* § 41.07(a).

Appellees filed pleas to the jurisdiction. Dunson then filed a supplemental petition in which he purported to "withdraw[] his claims for relief premised on § 41.07(a), Texas Tax Code." After hearing argument, the trial court granted the pleas to the jurisdiction and dismissed Dunson's remaining causes of action with prejudice. By subsequent letter, the court explained that it was not giving Dunson the opportunity to replead because his pleadings negated subject matter jurisdiction. Dunson appeals.

## II.    INADEQUATE BRIEFING

As a preliminary matter, appellees contend that Dunson has inadequately briefed his arguments because he failed to include citations to the record. *See* Tex. R. App. P. 38.1(g), (i). We disagree.

4

Disposing of appeals for harmless procedural defects is disfavored. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 517 n.12 (Tex. 2015) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam)). Instead, appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *Id.*; *see* Tex. R. App. P. 38.9. "Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry*, 272 S.W.3d at 587.

In his brief, Dunson provided an eight-page synopsis of the factual contentions in his petition and his supporting evidence, which he attached in his appendix. While his initial brief lacked citations to where his petition and evidence could be found in the record, he resolved this problem in his reply brief, in which he provided record citations for his petition and various other documents in the appendix. *See In re L.T.H.*, 502 S.W.3d 338, 343 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that party's reply brief cured a problem concerning lack of record citations). We therefore hold that Dunson has adequately briefed his arguments.

## III. IMMUNITY FROM SUIT

Within his appellate issue, Dunson first argues that the remainder of his petition sufficiently alleged (1) a waiver of immunity under the declaratory judgments act as to TAD and TARB, and (2) the ultra vires exception to immunity as to Frazier.[2]

---

[2]At a hearing, Dunson and appellees orally commemorated a rule 11 agreement in which they clarified that some of Dunson's claims were being withdrawn. The parties now dispute exactly how much of Dunson's pleadings were withdrawn by the rule 11 agreement. We need not resolve that dispute because even assuming that Dunson is

## A. Standard of Review

Analysis of whether jurisdiction exists begins with the plaintiff's live pleadings. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally, taking them as true, and look to the pleader's intent. *Id.*

A party may present evidence to negate the existence of a jurisdictional fact alleged in the pleadings. *Id.* at 227. The trial court's review of the evidence generally mirrors the summary judgment standard. *Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 664 (Tex. 2019). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* This is a question of law that we review de novo. *Id.*

## B. TAD and TARB

Immunity from suit deprives a trial court of jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit. *Miranda*, 133 S.W.3d at 224. We have recognized that tax authorities such as TAD and

---

correct that he did not withdraw the factual allegations that appellees contend were withdrawn, those allegations do not alter our analysis or conclusions.

TARB are entitled to immunity—referred to as "governmental immunity"—unless it has been waived. *See City of Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 372 (Tex. App.—Fort Worth 2001, no pet.); *see also Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 839 (Tex. 2018).

Dunson first argues that he has sufficiently alleged a waiver of immunity under the declaratory judgments act as to TAD and TARB. He contends that TAD and TARB misinterpreted and misapplied the tax code by promulgating policies that limited his ability to represent tax-consulting firms and by, in some cases, refusing to recognize his authority to represent these firms. He argues that sections 37.004 and 37.006 of the declaratory judgments act expressly waive immunity for such a claim. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.004, .006.

Dunson's reliance on section 37.004 is unavailing. Section 37.004 does not waive immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law, as Dunson has sought here. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam). Section 37.004 "is not a general waiver of sovereign immunity." *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). Instead, the declaratory judgments act waives immunity only in particular cases. *Sefzik*, 355 S.W.3d at 622. For example, under section 37.006(b), "the state may be a proper party to a declaratory judgment action that challenges the validity of a statute." *Id.*

7

But Dunson has not challenged the validity of a statute. Instead, he challenges TAD's and TARB's actions and policies under the tax code. Section 37.006(b) does not waive immunity for a challenge to a governmental entity's "actions under" a statute. *Id.*; *see Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 354 (Tex. App.—Fort Worth 2018, pet. denied) (mem. op. on reh'g). And as for Dunson's challenge to the validity of TAD's and TARB's policies, section 37.006(b) speaks only of suits involving the validity or constitutionality of a "statute, ordinance, or franchise." Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b). A challenge to other sorts of rules, such as the policies at issue here, "falls outside the [declaratory judgments act] altogether." *See Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 708 (Tex. App.—Austin 2013, no pet.); *see also Tex. Health & Human Servs. Comm'n v. Doe*, No. 03-16-00657-CV, 2017 WL 1534209, at *3 (Tex. App.—Austin Apr. 20, 2017, pet. denied) (mem. op.).

Sections 37.004 and 37.006 do not provide a waiver of immunity for the claims that Dunson advances here, and Dunson has not identified any other statutory provision that would otherwise waive immunity. We therefore conclude that Dunson has not established a waiver of immunity as to TAD and TARB under the declaratory judgments act.

**C. Frazier**

We next consider whether Dunson has sufficiently alleged an ultra vires claim against Frazier in his role as chairman of TARB.

Under Texas law, a suit against a governmental employee in his official capacity is generally considered to be a suit against his governmental employer. *Franka v. Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011). An employee sued in his official capacity has the same governmental immunity, derivatively, as his governmental employer. *Id.* at 382–83.

A narrow exception to this rule exists for ultra vires claims; even if immunity has not been waived by the legislature, a claim may be brought against a governmental official if the official engages in ultra vires conduct. *City of Hous. v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018). Ultra vires suits do not implicate immunity because they do not attempt to exert control over the state—they attempt to reassert the control of the state. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Plaintiffs in ultra vires suits must allege, and ultimately prove, that the employee acted without legal authority or failed to perform a purely ministerial act. *City of Hous.*, 549 S.W.3d at 576.

Essentially, Dunson advances two theories as to how Frazier acted ultra vires. First, Dunson argues that Frazier has misread section 1.111(d), which, again, provides that a property owner may not "designate more than one agent to represent the property owner in connection with an item of property." Tex. Tax Code Ann. § 1.111(d).

9

Dunson argues that when he acts as a local representative of a tax-consulting firm, he is not acting as a second agent of the property owner so as to violate section 1.111(d). Rather, Dunson contends that in these situations, he is merely acting as a representative of the tax-consulting firm. According to Dunson, the property owner has only one agent—the tax-consulting firm—which acts through its representatives. He asserts that Frazier therefore misinterpreted this section when he and the other appellees refused to recognize Dunson's authority to appear as a local representative and issued policies that limited his ability to appear in this capacity.

Second, Dunson contends that Frazier acted ultra vires in that his policies and actions violated an express limitation contained in another part of section 1.111. As Dunson points out, section 1.111(g) provides that "[a]n appraisal district, appraisal review board, or taxing unit *may not* require a person to designate an agent to represent the person in a property tax matter *other than as provided by this section*." *Id.* § 1.111(g) (emphasis added). Dunson contends that this provision effectively bars Frazier from promulgating any policy that is not specifically enunciated by section 1.111.

To the contrary, the allegedly ultra vires actions that Dunson attributes to Frazier were taken by TARB pursuant to its authority to determine protests and challenges, including its express authority to establish procedural rules for hearings. Further, as we explain, we conclude that Frazier and TARB did not exceed their authority, because the challenged policies were not adopted without reference to or in express conflict with the constraints of the governing statutes.

The protections of governmental immunity are robust, but they are not absolute. *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 163 (Tex. 2016). Governmental immunity protects exercises of discretion, but when an employee acts beyond his granted discretion—in other words, when he acts without legal authority—his acts are not protected. *Id.*; *Heinrich*, 284 S.W.3d at 372. Appellees do not suggest that Frazier had absolute discretion with respect to his challenged actions. Thus, whether this suit attacking Frazier's exercise of limited discretion will be barred is dependent upon the grant of authority at issue. *See Hous. Belt*, 487 S.W.3d at 164. As our supreme court has observed, many legislative grants of authority, although not absolute, will be broad enough to bar most, if not all, allegedly ultra vires claims. *Id.* (citing *Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 11 (Tex. 2015)).

The tax code expressly grants appraisal review boards the power to "determine protests initiated by property owners." Tex. Tax Code Ann. § 41.01(a)(1). Additionally, the code expressly authorizes appraisal review boards to "establish by rule the procedures for hearings it conducts" for the review of appraisal records and taxpayer protests. *Id.* § 41.66(a). Thus, TARB's duty to determine tax protests and to promulgate procedural rules to govern its hearings necessarily carried with it the power to implement the enabling laws governing taxpayer protests.

The question remains whether Frazier exceeded the bounds of his authority. "In order to act without legal authority in carrying out a duty to interpret and apply the law," the government official "must have exercised discretion 'without reference to or

11

in conflict with the constraints of the law authorizing [him] to act.'" *Hall v. McRaven*, 508 S.W.3d 232, 242 (Tex. 2017) (quoting *Hous. Belt*, 487 S.W.3d at 163).

Unlike cases in which an official's actions have been deemed ultra vires, such as *Brennan v. City of Willow Park*, 376 S.W.3d 910, 923 (Tex. App.—Fort Worth 2012, pets. denied) (op. on reh'g)—a case relied upon by Dunson which involved allegations that a tax official acted outside his statutorily authorized authority—Frazier and TARB did not transgress the express limits of section 1.111. This is illustrated by comparing the content of section 1.111 with appellees' alleged actions and policies. We first examine the bounds of appellees' authority as they are set out in the statute. *See Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 350 (Tex. 2019) (combined appeal & orig. proceeding).

Section 1.111 provides an avenue through which a property owner may designate another person to act as the owner's agent. *Ray v. Bexar Appraisal Dist.*, Nos. 04-08-00210-CV, 04-08-00212-CV, 2009 WL 700869, at *2 (Tex. App.—San Antonio Mar. 18, 2009, no pet.) (mem. op.). A tax consultant may be an "individual, partnership, corporation, or association." Tex. Occ. Code Ann. § 1152.001(4)–(5). The designation of a property-tax agent must be made by written authorization on a prescribed form. Tex. Tax Code Ann. § 1.111(b). That form must be signed by the owner, a property manager authorized to designate agents for the owner, or another person authorized to act on behalf of the owner other than the person being designated as agent. *Id.* The form must clearly indicate that the person is authorized to act on behalf of the property

owner in tax matters relating to the property or the property owner. *Id.* The designation does not take effect until a copy of the designation is filed with the appraisal district. *Id.* An appraisal review board shall accept and consider a motion or protest filed by an agent of a property owner if an agency authorization is filed at or before the hearing on the motion or protest. *Id.* § 1.111(i). Critically, "[a] property owner may not designate more than one agent to represent the property owner in connection with an item of property." *Id.* § 1.111(d). The designation of an agent in connection with an item of property revokes any previous designation of an agent in connection with that item of property. *Id.*

Dunson's own allegations show that Frazier did not exceed the limits on his authority; rather, he attempted to carefully observe them. According to Dunson's petition, Frazier and TARB perceived an interpretive problem: did local-representative arrangements, where tax agents such as Dunson would stand in for other consulting firms, violate section 1.111(d)? As Frazier interpreted section 1.111, a property owner's chosen consulting firm appeared to be one tax agent, and Dunson appeared to be another. So by Dunson's own account, Frazier took steps to address this supposed problem. Frazier and TARB implemented policies allowing them to require proof that the local representative was a full-time employee of a consulting firm, such as a "business card or other documentation to verify the affirmation," before the local representative would be allowed to advocate for the firm's clients. Dunson alleged that in 2015, Frazier and TARB questioned his authority to appear in certain cases and issued

policies requiring property owners to preclear their local-representative arrangements with TAD and TARB. The policies quoted section 1.111(d)'s limitation as the reason for these rules, saying, "The TARB will abide by this law[] and has no authority to waive it or modify it."

But Dunson alleged that things began to change after he filed suit in 2016. Shortly after he filed suit, Dunson received a letter from a TAD representative indicating that TAD would recognize Dunson as the authorized representative of a consulting firm so long as the consulting firm submitted a formal letter, on the firm's letterhead, listing the accounts Dunson was authorized to represent. The TAD representative indicated that in cases where Dunson had arranged for such a letter to be submitted, TAD had already recognized his authority.

Also, according to Dunson's petition and pleading exhibits, Frazier and TARB issued revised policies shortly after he filed suit. Under the revised policies, Frazier and TARB softened their stance. Preclearing local-representative arrangements was no longer a rigid requirement; it was simply encouraged. The new policies emphasized that TAD had the power to agree to recognize an individual's authority to act on behalf of a consulting firm. And under the 2016 policies, TAD would resolve any questions of authority to represent a property owner; TARB and Frazier would no longer make these decisions. Like the 2015 policies, the 2016 policies quoted section 1.111(d) as its source of guidance.

Based on Dunson's allegations, it is apparent that Frazier's and TARB's actions were an effort to enforce the requirements of section 1.111(d) as Frazier and TARB understood them. While disputed by Dunson, nothing about Frazier's and TARB's course of action contravenes the text of section 1.111(d). *See Hall*, 508 S.W.3d at 242.

Dunson's only argument that the TARB policies violated a statute is based on a different provision, section 1.111(g), which provides: "An appraisal district, appraisal review board, or taxing unit may not require a person to designate an agent to represent the person in a property tax matter other than as provided by this section." Tex. Tax Code Ann. § 1.111(g). Dunson appears to argue that this section precludes Frazier and TARB from promulgating any policy beyond what is already stated in section 1.111. That cannot be the case, for again, the legislature expressly endowed TARB with the authority to "establish by rule the procedures for hearings it conducts." *Id.* § 41.66(a). The policies announced and implemented by Frazier were approved by TARB in exercise of its statutory authority to establish procedural rules. These policies did not contravene any limitation posed by section 1.111(g); TARB's policies did not purport to impose additional procedural requirements beyond the bounds of section 1.111. Instead, TARB's policies addressed tertiary matters already within TARB's core mandate under the tax code, such as how TARB would communicate with agents, how hearings would be scheduled, and how agents would demonstrate their authority to appear on behalf of their principals.

15

We conclude that Frazier did not act ultra vires. Texas courts "have repeatedly stated that it is not an ultra vires act for an official or agency to make an erroneous decision while staying within its authority." *Hall*, 508 S.W.3d at 242. Dunson's petition, even construed in the light most favorable to him, establishes that while Frazier may have initially got it wrong, he and TARB nonetheless remained within their authority to establish procedural rules and to verify tax agents' compliance with the statute. We therefore conclude that Dunson failed to sufficiently allege an ultra vires claim.

## D. Opportunity to Replead

Generally, when a plea to the jurisdiction is sustained, a plaintiff is entitled to amend his pleadings before his claims are dismissed with prejudice. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). An exception to this rule exists where the pleadings are incurably defective with respect to jurisdiction. *Id.* "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227.

Dunson has requested the opportunity to replead. However, he has made no suggestion as to how to cure the jurisdictional defect. *See Koseoglu*, 233 S.W.3d at 840 (observing that the plaintiff had "made no suggestion as to how to cure the jurisdictional defect" and denying remand). There is simply no waiver under the declaratory judgments act for the claims he would bring against TAD and TARB, and pleading additional facts or different labels for his cause of action would not change his

16

predicament. *See id.* Moreover, because his pleadings show that Frazier acted consistent with TARB's authority, Dunson has affirmatively negated jurisdiction with regard to Frazier. *See Miranda*, 133 S.W.3d at 227. An opportunity to replead therefore "would serve no legitimate purpose." *See Koseoglu*, 233 S.W.3d at 840. We conclude that the trial court did not err by dismissing Dunson's claims with prejudice.

## E. Dunson's Other Arguments

Also within his appellate issue, Dunson challenges the other grounds for dismissal that appellees raised in the trial court: standing, mootness, and failure to exhaust administrative remedies. We have already concluded that the trial court properly dismissed Dunson's claims for want of jurisdiction. It is unnecessary to consider these alternate grounds for dismissal. *See* Tex. R. App. P. 47.1; *Molina v. City of Pasadena*, No. 14-17-00524-CV, 2018 WL 3977945, at *5 n.2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.).

## IV.   CONCLUSION

We overrule Dunson's sole appellate issue and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  August 29, 2019

17